E-FILED
Monday, 02 February, 2015  10:35:13 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MARLON MINTER, SR., | ) |
| Plaintiff, | ) |
| v. | ) No.: 14-1301-SEM-TSH |
| SALVADOR GODINEZ, *et al.*, | ) |
| Defendants. | ) |

## MERIT REVIEW ORDER

**SUE E. MYERSCOUGH, U.S. District Judge:**

This cause is before the Court for a merit review, pursuant to 28 U.S.C. § 1915A, of Plaintiff Marlon Minter, Sr.'s claims.

### I.
### MERIT REVIEW UNDER 28 U.S.C. § 1915(A)

Under 28 U.S.C. § 1915(e)(2) and § 1915A, the Court is required to carefully screen a complaint filed by a plaintiff who seeks to proceed in forma pauperis. The Court must dismiss a complaint, or a portion thereof, if the plaintiff has raised claims that are legally "frivolous or malicious," that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.* The test for

determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim for relief if the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

In reviewing the complaint, the Court accepts the factual allegations as true and liberally construes them in plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient. Fed. R. Civ. P. 8; *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012)(holding that, in order to determine if a complaint states a plausible claim, the court must take non-conclusory, non-speculative facts as true, draw all reasonable inferences in the pleader's favor, and isolate and ignore statements that simply rehash claim elements or offer only legal labels and conclusions). Instead, sufficient facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(internal quotation omitted).

# II.
# ANALYSIS

Plaintiff Marlon Minter, Sr., has filed the instant Amended Complaint under 42 U.S.C. § 1983 alleging that Defendants the Illinois Department of Corrections ("IDOC"), Salvador Godinez, and Randy Pfister have violated his Constitutional rights. Minter has also filed a motion asking the Court to certify this case as a class action under Federal Rule of Civil Procedure 23.

Minter's Complaint fails to state a claim against the IDOC. The IDOC cannot be sued under § 1983 because it is not a "person" within the meaning of that statute. *Will v. Michigan Dept. of State Police,* 491 U.S. 58. Accordingly, Minter's claims against the IDOC are dismissed for failure to state a claim upon which relief can be granted. *Grund v. Indiana Dept. of Correction,* 2014 WL 3900620, * 2 (S.D. Ind. Aug. 11, 2014).

Likewise, Minter's Complaint against Salvador Godinez is dismissed for failure to state a claim against him. "[I]ndividual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation.'" *Minix v. Canarecci,* 597 F.3d 824, 833

(7th Cir. 2010)(quoting *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003)).

The Seventh Circuit has explained that the doctrine of *respondeat superior*—a doctrine whereby a supervisor may be held liable for an employee's actions—has no application to § 1983 actions. *Gayton v. McCoy*, 593 F.3d 610, 622 (7th Cir. 2010). Instead, in order for a supervisor to be held liable under § 1983 for the actions of his subordinates, the supervisor must "approve[] of the conduct and the basis for it." *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001); *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)("An official satisfies the personal responsibility requirement of section 1983 . . . if the conduct causing the constitutional deprivation occurs at [his] direction or with [his] knowledge and consent.")(internal quotation omitted).

"[S]upervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference." *Backes v. Village of Peoria Heights, Illinois*, 662 F.3d 866, 870 (7th Cir. 2011)(quoting *Chavez*, 251 F.3d at 651)). "In short, some causal connection or affirmative link

between the action complained about and the official sued is necessary for § 1983 recovery." *Gentry*, 65 F.3d at 561.

Here, Minter has named Godinez as a party Defendant merely because he is the director of the IDOC. Minter has not alleged that Godinez personally engaged in or turned a blind eye towards any of the actions or inactions that form the basis for his Amended Complaint. Accordingly, Minter's Complaint fails to state a claim against Godinez because Godinez lacks the personal involvement necessary to hold him liable under § 1983.

However, Minter's Amended Complaint states a claim upon which relief can be granted against Defendant Randy Pfister, the Warden at the Pontiac Correctional Center where Minter is housed, for violating his Eighth Amendment rights based upon the conditions of his confinement. The United States Supreme Court has made clear that "[t]he Eighth Amendment does not outlaw cruel and unusual 'conditions;' it outlaws cruel and unusual 'punishments.'" *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). This means that "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for

commendation, cannot . . . be condemned as an infliction of punishment." *Id.* at 838.

Accordingly, "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. This type of deliberate indifference "implies at a minimum actual knowledge of impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Duckworth v. Frazen*, 780 F.2d 645, 653 (7th Cir. 1985).

"[M]ere negligence or even gross negligence does not constitute deliberate indifference," *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996), and it is not enough to show that a prison official merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995), *abrogated on other grounds, Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996).

Here, Minter has alleged that the conditions at Pontiac are so egregious that they violate the Eighth Amendment. Minter provides a litany of conditions that constitute cruel and unusual punishment from the excessive light, to the excessive heat, to the lack of proper sanitation. Minter's allegations are sufficient to allow his case to proceed on a conditions of confinement claim.

However, Minter's attempts to state claims for the excessive use of force, racial discrimination, deliberate indifference to a serious medical need, and Fourteenth Amendment violations fail to state a claim upon which relief can be granted. Minter does not allege that he personally suffered from any excessive force used by anyone at Pontiac; he does not allege that anyone was deliberately indifferent to his serious medical needs; he does not allege that anyone discriminated against him based upon his race.[1]

---

[1] Minter bases his Fourteenth Amendment claim on his allegation that Defendants are not following IDOC policies. However, "a violation of a state law by a government employee standing alone does not violate the federal Constitution." *Gonzalez v. City of Gary*, 2000 WL 1047523, * 2 (7th Cir. July 27, 2000); *Archie v. City of Racine,* 847 F.2d 1211, 1217 (7th Cir. 1988)(*en banc*)(citing *Snowden v. Hughes,* 321 U.S. 1, 11 (1944)("Mere violation of a state statute does not infringe the federal Constitution.")).

Instead, Minter alleges that it is well known that white officers use excessive force against black inmates. Minter further claims that inmates do not receive proper medical care. And, Minter states that Pontiac officials do not follow their own policies and procedures.

But, Minter does not allege that he personally received any such unconstitutional treatment. "To demonstrate standing: a plaintiff must show (1) it has suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Kenseth v. Dean Health Plan, Inc.*, 722 F.3d 869, 890 (7th Cir. 2013)(internal citations and quotations omitted).

"Moreover, a plaintiff must demonstrate standing for each form of relief sought." *Id.* "A plaintiff may have standing to pursue damages but not injunctive relief, for example, depending on the circumstances." *Id.* "Finally, the plaintiff's personal stake in the outcome of the litigation must continue throughout the course of the litigation." *Id.*

Minter's Amended Complaint does not allege that he has any personal stake in the outcome of his claims, except for the conditions of confinement claim. Therefore, Minter lacks standing to assert his other claims contained in his Amended Complaint.

In all likelihood, Minter styled his Amended Complaint the way that he did in order to try and convince this Court to allow the case to proceed as a class action under Rule 23. However, Minter's Amended Complaint and motion do not satisfy Rule 23's requirements. Accordingly, Minter's motion to certify class is denied.

The Federal Rules of Civil Procedure provide courts with broad discretion to determine whether to certify a class pursuant to Rule 23. In order to maintain a class action under Rule 23, a would-be class must first meet "the prerequisites of numerosity, commonality, typicality, and adequacy of representation . . . ." *General Telephone Co. of the Southwest v. Falcon,* 457 U.S. 147, 156 (1982).[2] "All of these elements are prerequisites to certification;

---

[2] Rule 23(a) provides: "(a) Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of

failure to meet any one of them precludes certification as a class." *Retired Chicago Police Ass'n v. City of Chicago,* 7 F.3d 584, 596 (7th Cir. 1993). "[T]he party seeking class certification assumes the burden of demonstrating that certification is appropriate." *Id.*

When determining whether to certify a class, a court is prohibited from considering the merits of the underlying claim. *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 177 (1974). Nevertheless, "the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action," accordingly, "sometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question." *Falcon,* 457 U.S. at 160.

"Under Rule 23(a)(4), the adequacy of representation requirement mandates that both the class representative and counsel for the named plaintiff zealously represent and advocate on

---

law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. Once the litigant meets the four conjunctive requirements of 23(a), a class action must also qualify under one of the three subsections of 23(b)." *Id.*

behalf of the class as a whole." *Bonner v. Team Toyota, LLC*, 2006 WL 3392942, * 4 (Nov. 21, 2006). "A class is not fairly and adequately represented if class members have antagonistic or conflicting claims." *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). "As the class representative, a plaintiff must not have 'antagonistic or conflicting claims with other members of the class,' and must have 'sufficient interest in the outcome of the case to ensure vigorous advocacy." *Bonner*, 2006 WL 3392942, at * 4 (quoting *Sebo v. Rubenstein*, 188 F.R.D. 310, 316 (N.D. Ill. 1999)).

In the instant case, Minter cannot adequately represent the proposed class. Minter asks this Court to enjoin Defendants by compelling them to follow state law and to stop the constitutional violations of inmates at Pontiac.

As noted above however, Minter has not personally suffered the types of constitutional violations that he alleges others have suffered. As a result, Minter does not have a sufficient interest in obtaining an injunction that affects the conditions at Pontiac. Therefore, his motion for class certification for injunctive purposes is denied. *Arreola v. Godinez*, 546 F.3d 788, 799 (7th Cir. 2008) (holding that an inmate who sought class certification based upon a

jail's refusal to allow crutches in the jail failed to establish adequacy of representation because he was no longer at the jail and the likelihood that he will return and will again need crutches is too speculative to support an injunction).

Although this matter cannot proceed as a class action in order to obtain injunctive relief, the Court needs to determine whether it can proceed as a class action in order to obtain compensatory or other monetary relief on the conditions of confinement claim that Minter possesses. For purposes of compensatory damages, the Court will assume, without deciding, that Minter can establish each of the four elements under Rule 23(a) necessary to maintain a class action.

Once Rule 23(a)'s prerequisites are met, the potential class must satisfy at least one of Rule 23(b)'s provisions. *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). As discussed above, Minter cannot maintain this case as a class action in order to obtain injunctive relief; therefore, he cannot obtain class certification under Rule 23(b)(2).

But, neither is class certification available under Rule 23(b)(1) or (3). "Rule 23(b)(1)(B) permits class certification if separate

actions by class members would, as a practical matter, be dispositive of the interest of nonparty class members or substantially impair or impede their ability to protect their interest." *Pennsylvania Chiropractic Ass'n v. Blue Cross Blue Shield Ass'n*, 286 F.R.D. 355, 363 (N.D. Ill. 2012). "Situations in which class certification is common under Rule 23(b)(1)(B) is where there is a common fund that may limit recovery to individualized plaintiffs." *Estate of VanDam ex rel. Horizon Trust & Investment Mgmt. v. Daniels*, 278 F.R.D. 415, 425 (S.D. Ind. 2011).

Indeed, "[t]he Seventh Circuit has made clear that Rule 23(b)(1) . . . is inappropriate in damage actions not involving a limited fund." *Hawkins v. Securitas Sec. Services USA, Inc.*, 280 F.R.D. 388, 396 (N.D. Ill. 2011)(citing *Crawford v. Equifax Payment Servs., Inc.*, 201 F.3d 877, 882 (7th Cir. 2000).

Here, there is no common fund that may limit recovery. Accordingly, Rule 23 (b)(1) is inapposite.

Rule 23(b)(3) permits class certification when "question of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient

adjudication of the controversy." *Id.* The Court finds that a class action is not superior to other methods for adjudicating this controversy.

Initially, the Court notes that Minter's proposed class would encompass proposed class members whose claims have been barred by the applicable two-year statute of limitations. Furthermore, in determining whether a class action is a superior means of adjudicating a case, a court should consider the interest of the individual members in individually controlling the litigation, the desirability of concentrating the litigation in the particular forum, and the manageability of the class action. *Demitropoulos v. Bank One Milwaukee*, 915 F. Supp. 1399, 1419 (N.D. Ill. 1996).

The identity of the inmates who have been in and out of Pontiac and the duration of the stay is "fluid," and Rule 23(b)(3) requires notice be given and an option to opt-out be provided to potential class members. Moreover, whether conditions rise to the level of violating the Eighth Amendment includes a subjective element that is not suited for a class action. What may be unbearable for one may not be for another.

Given these difficulties in managing a class action, the Court finds that Minter's motion to certify this matter as a class action for purposes of damages is denied. *Taylor v. CSX Transp., Inc.*, 264 F.R.D. 281, 296 (N.D. Ohio 2007)(denying class certification because class action difficult to manage claims presented).

**IT IS, THEREFORE, ORDERED:**

1. Plaintiff's motions to file an amended [4 & 5] are GRANTED, and the Court's merit review is of Plaintiff's First Amended Complaint.

2. Plaintiff's motions for status [6 & 10] are DENIED AS MOOT in light of this Order.

3. Plaintiff's motion to certify class [11] is DENIED.

4. Pursuant to its merit review of Plaintiff's First Amended Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states a claim against Defendant Randy Pfister for violating his Eighth Amendment rights based upon the conditions of his confinement. This case proceeds solely on the claim identified in this paragraph. Any additional claim(s) shall not be included in the case except at the Court's discretion on a motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

5. The Clerk of the Court is directed to dismiss Salvador Godinez and the Illinois Department of Corrections as party Defendants based upon Plaintiff's failure to state a claim against them.

6. This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions in order to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

7. The Court will attempt service on Defendant by mailing him a waiver of service. Defendant has 60 days from service to file an Answer. If Defendant has not filed an Answer or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter an order setting discovery and dispositive motion deadlines.

8. With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant

worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

9. Defendant shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendant's positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendant. Therefore, no response to the answer is necessary or will be considered.

10. Once counsel has appeared for Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on

Defendant pursuant to Local Rule 5.3. If electronic service on Defendant is not available, Plaintiff will be notified and instructed accordingly.

11. Counsel for Defendant is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendant shall arrange the time for the deposition.

12. Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

**It is further ORDERED that the Clerk is directed to: (1) show Plaintiff's motions to amend his complaint [4 & 5] as GRANTED; (2) show Plaintiff's motions for status [6 & 10] as DENIED as moot in light of this Order; (3) show Plaintiff's motion to certify class [11] as DENIED; (4) dismiss Salvador Godinez and the Illinois Department of Corrections as party Defendants; (5) attempt service on Defendant Randy Pfister pursuant to the standard procedures; and (6) set an internal Court deadline 60 days from the entry of this Order for the**

**Court to check on the status of service and enter scheduling deadlines.**

**Lastly, it is ORDERED that, if a Defendant fails to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's Service on the Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

Entered this 2nd day of February, 2015

                                        s/ Sue E. Myerscough
                                        SUE E. MYERSCOUGH
                            UNITED STATES DISTRICT JUDGE